**Michael L. BROOKS, Defendant below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 15, 1976.

Decided Oct. 21, 1976.

---

4. The interlocutory order is, of course, reviewable by this Court on appeal from a final order. 10 Del.C. § 144.

Richard M. Baumeister, Asst. Public Defender, Wilmington, for defendant below, appellant.

Eugene M. Hall, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

McNEILLY, Justice.

Defendant appeals his conviction (non jury) in the Superior Court of possession of a deadly weapon during the commission of a felony, 11 Del.C. § 1447, asserting three grounds for reversal: (1) that the conviction was erroneous because the weapon was never in his possession; (2) that the conviction was erroneous because as a juvenile he could not be convicted of a felony; (3) that his warrantless arrest was illegal.

I

Defendant Brooks, a juvenile, and co-defendant Moore, stopped David Reineke, who was riding a bicycle on a public street,

demanding that he give it to them. When Reineke hesitated, Brooks told Moore, who was carrying a revolver, to "Cap (kill) him." Moore fired several shots, wounding Reineke, and defendants took the bicycle. The following day a friend of Reineke saw the bike being ridden near a local high school; the principal identified the rider as Moore, who was arrested and who implicated Brooks. Brooks was arrested at his home shortly thereafter without a warrant.

II

The defendant Brooks first contends that he cannot be convicted under our Felony-weapon Statute because co-defendant Moore had possession of the weapon at all relevant times.

This case presents the first instance of a defendant charged under 11 Del.C. § 1447[1] based on possession by a co-defendant. We find controlling 11 Del.C. § 271 which provides in its pertinent part:

"A person is guilty of an offense committed by another person when:

\* \* \* \* \* \*

"(2) Intending to promote or facilitate the commission of the offense he:

\* \* \* \* \* \*

"b. Aids, counsels, or agrees or attempts to aid the other person in planning or committing it; or
\* \* \*"

The record is clear that Brooks aided Moore in the commission of the robbery and the weapons offense. Brooks told Moore to "cap him" (which means "kill him" in street language) immediately before the shooting by Moore. The defendant, by participating in the robbery, is re-

---

1. 11 Del.C. § 1447 provides:
"(a) A person who is in possession of a deadly weapon during the commission of a felony is guilty of possession of a deadly weapon during commission of a felony.
\* \* \* \* \*

(c) Every person charged under this section over the age of 16 years shall be tried as an adult, notwithstanding any contrary provision of statutes governing the Family Court or any other state law."
\* \* \* \* \*

sponsible under Section 271 for the felony-weapons offense which was an integral part of the robbery. This result was reached in a similar case by the Maryland Special Court of Appeals. See *Broadway v. State*, 23 Md.App. 68, 326 A.2d 212 (1974).

### III

The next contention raised by the defendant is that because he was a juvenile at the time of the offense he could not have been convicted as a felon of the underlying robbery, and thus cannot be convicted of possession of a deadly weapon during the commission of a felony. Defendant argues that: (1) under 10 Del.C. § 931[2] a juvenile adjudication does not result in criminal status; (2) he was found amenable to juvenile proceedings under 10 Del.C. § 938;[3] and (3) the Felony-weapon Statute, 11 Del.C. § 1447(d),[4] implicitly requires a felony conviction.

This argument presents two questions which we must consider: (1) whether a juvenile over age sixteen can be convicted of the offense; and (2) whether the offense requires his conviction of the underlying felony.

█ Turning to the first prong of the argument, we find its resolution in the requirement of subsection (c) of Section 1447 that juveniles over the age of sixteen be tried as adults. To hold that those juveniles tried as adults under subsection (c), but otherwise amenable to Family Court adjudication, could not be convicted, would render this part of the statute meaningless. We therefore find this portion of the defendant's argument to be without merit.

█ The second prong of the argument, that the statute requires an underlying felony conviction, is simply unsupported by the substance of Section 1447. The statute does not require a conviction by its terms, but only requires that the weapons offense occur during the commission of the felony. Since there is no question that the robbery was committed, that it qualifies as a felony, and that the weapon was used in commission of the felony, we find the requirements of the statute satisfied.

### IV

█ Defendant's final contention is that his conviction should be reversed as the fruit of a warrantless arrest, arguing that since there was time to procure a warrant, the failure to do so renders his arrest unlawful. Under 11 Del.C. § 1904(b) warrantless arrests by a peace officer are lawful whenever:

"(1) He has reasonable ground to believe that the person to be arrested has committed a felony, * * *"

There is no question that probable cause for defendant's arrest existed.

Affirmed.

---

2. 10 Del.C. § 931 provides:
"Except as provided in § 938, no child shall be deemed a criminal by virtue of an allegation or adjudication of delinquency, nor shall a child be charged with or prosecuted for a crime in any other court. In this Court the nature of the hearing and all other proceedings shall be in the interest of rather than against the child. Except as otherwise provided, there shall be no proceedings other than appellate proceedings in any court other than this Court in the interest of a child alleged to be dependent, neglected, or delinquent."

3. 10 Del.C. § 938 provides in part:
"(a) A child shall be proceeded against as an adult where:

(1) The acts alleged to have been committed constitute first degree murder, rape or kidnapping;

(2) The child has reached his 16th birthday and is not amenable to the rehabilitative processes available to the Court;

(3) The General Assembly has heretofore or shall hereafter so provide."

4. 11 Del.C. § 1447(d) provides:
"(d) A person may be found guilty of violating this section notwithstanding that the felony for which he is convicted and during which he possessed the deadly weapon is a lesser included felony of the one originally charged."