DECISION
This is an appeal from a decision of the East Providence City Council denying the request of the petitioner, Edmund A. Restivo, Jr., for a subdivision of land. The City Council was acting as the Town Planning Board of Review pursuant to G.L. 1956 (1991 Reenactment) § 45-23-14 and § 15-34 of the Revised Ordinances of the City of East Providence, 1987, as amended. Jurisdiction in this Court is pursuant to R.I.G.L. 1956 (1991 Reenactment) § 45-23-20.
Facts/Travel
In August of 1993, Edmund A. Restivo (the plaintiff), who is the owner of a parcel of real property located on the westerly side of Plum Road in the City of East Providence, known as subdivision Map 511, Block 2, Parcel 49.02, filed an application for subdivision approval with the City Clerk for the City of East Providence. Pursuant to ordinance sec. 15-34 of the Revised Ordinances of the City of East Providence, the East Providence Planning Board made a written report to the City Council concerning the application. The Planning Board's report recommended approval of the subdivision based upon the following conditions:
 1. That the Plum Road frontage lot, Map 511, Block 2, Parcel 49.11, be included as part of the subdivision, with siting of the proposed single family house shown;
 2. That all nine lots have restrictions in place for single family use only;
 3. That all items needing correction or clarification raised in the following technical staff memorandum be addressed prior to petition for final plat approval: September 7, 1993 Memorandum from Capt. Joseph F. Pimental to Jeanne Boyle; September 10, 1993 Memorandum from Julia A. Frogue to Jeanne Boyle; September 10, 1993 Memorandum from Don Pennington to Julia Forgue; August 18, 1993 Memorandum from Kenneth B. Booth to Daniel Pennington; August 31, 1993 Memorandum from Ali Khorosoni to Daniel Pennington; August 16, 1993 Memorandum from Greg Gammell to Daniel Pennington.
 4. That any variance(s) necessary for construction be sought and received prior to petition for final plat approval;
 5. That a conservation restriction be placed on Lots 5 and 6 as indicated on the proposed plat, and filed in the City's Land Evidence Records in order that areas located on these lots may remain in an undisturbed state;
 6. That DEM approval be received prior to final plat approval, and
 7. That conclusions Nos. 3 and 4 of the October 13, 1994 Camp, Dresser and McKee report be incorporated into the plans. (See Exhibit A, January 12, 1995 Planning Board Memorandum).
On March 7, 1995, the East Providence City Council, pursuant to ordinance Sec. 15-35 of the Revised Ordinances of the City of East Providence, held a hearing on the petition for subdivision and voted to deny the request. The plaintiff then filed a timely appeal to this court pursuant to G.L. 1956 (1991 Reenactment) § 45-23-20.
Standard of Review
R.I.G.L. 1956 (1991 Reenactment) § 45-23-20, which defines the scope of this court's review of decisions of planning boards of review, provides in pertinent part:
 The court shall hear all pertinent evidence and determine the facts, and upon the facts so determined may affirm the decision, or may annul the decision if found to exceed the authority of the plan commission or board of review, or may enter such other decrease as justice and equity may require. The foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exception as in other equity cases.
The Supreme Court has interpreted chapter 23 of title 45 as limiting judicial scrutiny of an administrative agency's fact-finding, to a search of the record for any competent evidence upon which the agency rests its decision. E. Grossman Sons, Inc. v. Rocha, 118 R.I. 276, 285-86, 373 A.2d 496, 501 (1977).
At the hearing, the plaintiff presented an engineer, Scott Moorehead, who testified on the proposed drainage system for the subdivision. Mr. Moorehead explained how altering the current drainage system would not increase storm water run-off to abutting properties and in certain instances would actually decrease storm water run-off. (Record at 13). However, on cross-examination, Mr. Moorehead conceded that the potential for ground water basement flooding in this particular subdivision was the worst he had worked on for such a wide area. (Record at 33). Each member of the City Council commented on the proposed subdivision before voting to deny the permit. This Court will neither weigh the evidence nor pass upon the credibility of the witness nor substitute its findings of fact for those made of the administrative level. E. Grossman and Sons. Inc., 118 R.I. 275, [118 R.I. 276] 285-86, 373 A.2d 496, 501 (1977).
Additionally, members of the Council also based their decision on personal knowledge of the poor drainage history of the proposed site. Information obtained in this manner constitutes evidence upon which a finding may rest, but only if the record discloses the nature and character of the observations upon which the Board acted. Perron v. Zoning Board of Review ofBurrillville, 117 R.I. 571, 367 A.2d 638 (1779). The members of the East Providence City Council who made personal observations of the area did, in fact, disclose the nature of their observations when giving their decision. For instance, both Councilman Miranda and Councilman Sullivan explained that when they viewed the area in question two days after a rainstorm, they observed wetland and homes with water in the basements (Record at 27). The disclosure of this information on the record allows board members to use this evidence as a partial basis for their decision. Id. at 571, 369 A.2d at 642.
As for the plaintiff's contention that the City Council's decision was made in violation of the due process requirements of the Rhode Island and United States Constitutions, the record reveals that this plaintiff was given "an opportunity to be heard at a meaningful time and in a meaningful manner." Millett v.Hoisting Engineers' Licensing Division, 119 R.I. 285, 296,377 A.2d 229, 236 (1977). The questions and answers provided demonstrate that members of the City Council carefully considered Mr. Restivo's proposal at the March 7, 1995 council meeting. The fact that the council could not be persuaded to approve the project is not violative of due process.
After review of the entire record, this Court finds that there is competent evidence upon which the board rested its decision and the decision is therefore affirmed.
Counsel shall submit the appropriate order for entry.