DECISION
Knapp Video and ACP Center Associates (plaintiffs) bring this Appeal of the April 20, 1995 decision of the Zoning Board of Review of the Town of Barrington (Zoning Board). The Zoning Board denied plaintiffs' request for a special use permit to relieve plaintiffs from § 185-92 and § 185-97 of the Barrington Code which govern the illumination and size of signs. Jurisdiction is pursuant to G.L. 1956 § 45-24-20.
FACTS
The Assessor designates the subject property as Assessor's Plat 25, Lots 204, 235, 237, B District, located at 180 County Road, Barrington, Rhode Island. On January 30, 1995, Plaintiff, A.C.P. Shopping Center requested the proposed 87 square-foot, internally illuminated sign in an Application for Design and Site Plan Review filed with the Town of Barrington. On March 6, 1995, the Development Plan Review Board of the Town of Barrington (D.P.R. Board) recommended to the Zoning Board that ". . . the sign size be reduced to 40 square feet, and only if so reduced, the proposed internal lighting, . . . be accepted." See D.P.R. Board letter to ACP Shopping Center of March 6, 1995. On March 17, 1995, plaintiffs applied to the Zoning Board of Review of the Town of Barrington for a special use permit to relieve them of the terms of § 185-92 (prohibits internally illuminated signs) and § 185-97 (prohibits signs which exceed 25 square feet in business and manufacturing districts).
On April 4, 1995, the D.P.R. Board amended its earlier recommendation of the sign size to allow ". . . a maximum of 50 square feet, instead of 40." See D.P.R. Letter of April 4, 1995 to the Zoning Board of Review.
On April 20, 1995, the Zoning Board held an advertised hearing on the application for the proposed sign. At the hearing, the Board accepted John L. Riley, Joseph Paolino, and Edward Spinney as expert witnesses. Acting Chairman of the Board, Thomas Kraig, read both the D.P.R. Letter and the relevant facts of the Barrington Ordinances into the Record. (R. at 1, 13).
In support of its decision of April 20, 1995, the Zoning Board made the following findings of fact:
 The Board found that the applicant had not satisfactorily demonstrated the following:
 A) That the public convenience and welfare will be substantially served;
 B) That it will be in harmony with the general purpose of this ordinance and with the comprehensive community plan;
 C) That it will not result in or create conditions that will be inimical to the public health, safety, morals and general welfare of the community; and
 D) That it will not substantially or permanently injure the appropriate use of the property in the surrounding area or district. Also, 1) That the establishment of the sign in a completely conforming manner will result in significant damage to the associated business; 2) that the establishment of a sign which is nonconforming by size will result in a clear visual improvement to a site by virtue of its replacement of an existing nonconforming sign; 3) That the location of a sign on a site in a nonconforming manner is necessary to achieve its intended visual effect.
 The plaintiffs filed the instant timely appeal.
STANDARD OF REVIEW
The Superior Court reviews zoning board decisions pursuant to G.L. 1956 § 45-24-69(D) which provides in pertinent part:
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of finding, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law.
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The plaintiffs had the burden of proving to the Zoning Board that it was entitled to the relief it sought in its application.Smith v. Zoning Board of Warwick, 104 R.I. 1 (1968). Plaintiff satisfies that burden of proof only by the presenting "substantial evidence," defined as more than a scintilla but less than a preponderance of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Caswell v.George Sherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou, 120 R.I. at 507, 388 A.2d at 824-25).Apostolou, et al v. Genovesi, et al, 120 R.I. 501, 507, 368 A.2d 821, 825 (1978). See also Salve Regina College v. Zoning Board ofReview, 878 R.I. 594 (1991).
THE SPECIAL USE PERMIT
When considering the plaintiffs evidence in cases of special use permits, Zoning Boards of Review have authority to grant a special use permit only where the plaintiff meets the standards established by ordinance. Monforte v. Zoning Board of EastProvidence, 93 R.I. 447, 451, 176 A.2d 726 (1962). See Guibersonv. Roman Catholic Bishop, 112 R.I. 252, 259, 308 A.2d 503
(1973) (standards established by ordinance constitute conditions precedent which must be met before the Zoning Board may grant a special use permit).[1]
The Barrington Town Code authorizes the grant of a special use permit by zoning boards only in those cases "Where a use is allowed . . . as a special use rather than allowed by right." Barrington Code § 185-72. Barrington Code § 185-7 provides in pertinent part:
 A use requiring a special use permit . . . may be permitted by the Zoning Board of Review . . . only if . . . such proposed use . . . meets each of the following requirements:
 A. The public convenience and welfare will be substantially served.
 B. It will be in harmony with the general purpose of this chapter, and with the Comprehensive Community Plan.
 C. It will not result in or create conditions that will be inimical to the public health, safety, morals and general welfare of the community.
 D. It will not substantially or permanently injure the appropriate use of the property in the surrounding area or district.
Our Supreme Court has cautioned that the power of the Zoning Board of Review to grant exceptions in special cases is ". . . intended to be exercised sparingly lest the power be abused."Flynn v. Zoning Board of Pawtucket, 77 R.I. 118, 125 (1950).
The plaintiffs argued on appeal that the Zoning Board's denial of their request for an internally illuminated large sign was arbitrary and capricious and clearly erroneous based on the evidence presented at the hearing.
A review of the record[2] of the hearing certified to this Court clearly indicates that the Board had before it competent legal evidence upon which to base its decision. At the hearing, the Zoning Board recognized that the proposed sign did not conform to the D.P.R. recommendation. (R. at 8, 9). Further, Board members relied upon the comments of John Riley, expert witness, to determine that "the sign did not necessarily need to be that size [87 sq. ft.]." (Id.).
Board members also remarked that the sign clearly violated Barrington's ordinances governing signs because it was too large and internally lit. (R. at 8, 9, 11, 13).
Additionally, members of the Board noted that the proposed sign's conformance with the Town of Barrington Comprehensive Plan. (R. at 9, 10, 12). Ms. Goodman observed that the sign was "inconsistent with the village atmosphere that the Comprehensive Plan has asked the Board to consider." (R. at 12). Mr. Sweetser observed that "this signage is not what the Town wants." (R. at 12). The Zoning Board contemplated whether the proposed sign furthered the goals of aesthetics and public safety as identified in the Comprehensive Plan. (R. at 9, 10, 12).
Members of the Council further stated their personal observations of the sign and the area. Information obtained in this manner constitutes evidence upon which a finding may rest, but only if the record disclosed the nature and character of the observations upon which the Board acted. Perron v. Zoning Boardof Review of Burrillville, 117 R.I. 571, 367 A.2d 638 (1979). The members of the Zoning Board who made personal observations did, in fact, disclose the nature of their observations when giving their decision. For instance, when Ms. Goodman stated that the sign was not "aesthetically pleasing", "will result in a negative visual image" and "will not be an attractive addition to the area." (R. at 12), she relied, in part, upon her observation that the sign involved "three colors next to red neon plexi letters." (Id.). The disclosure of this type of information on the record allows board members to use this evidence as a partial basis for their decision. Id. at 571, 369 A.2d at 642.
Plaintiff's second contention is that the denial of their petition constituted a violation of their rights under the First Amendment. The U.S. Supreme Court has determined that content-neutral time, place and manner regulations of signs are constitutionally permissible to promote the substantial government interests of aesthetics and traffic safety. LosAngeles City Council v. Taxpayers for Vincent, 466 U.S. 789, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984), Metromedia, Inc. v. City ofSan Diego, 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981). Further, Courts will defer to legislative judgment regarding whether regulations further aesthetic or any other government purpose. Id. The U.S. Supreme Court's decision in Taxpayers forVincent reinforces the clear trend not to require communities to demonstrate by statistical or other concrete scientific evidence that aesthetics or other supporting public purposes are likely to be furthered by regulation. Rathkopf, The Law of Zoning andPlanning, § 14A.06 at p. 14A-8. The record reveals that the Barrington Town Ordinances which govern the illumination and size of signs clearly constitute permissible content-neutral time, place and manner regulations of commercial speech. Adequate alternative channels of communication are left open to the plaintiffs. As the ordinance does not completely ban commercial on-premises signs, the Board will permit a slightly smaller version of the exact sign which the plaintiffs' seek to display. (See D.P.R. Letter).
A review of the record of the hearing certified to this Court clearly indicates that the Board had before it competent legal evidence upon which to base its decision. This Court in reviewing the certified record, finds that the Board's decision is not clearly erroneous in view of the reliable, probative and substantial evidence contained in the record; is not arbitrary or capricious, and is not characterized by any abuse of the Board's discretion. Accordingly, the decision of the Zoning Board of Review of the Town of Barrington is affirmed.
Counsel shall submit the appropriate order for entry.
[1] Although the cases refer to special exceptions and not to special use permits, the terms are equivalent. see RI. Gen. Laws § 45-24-31(57) (1991) (effective July 1, 1993).
[2] The Record before the Board included the following documents: plaintiff, ACP Shopping Center's Application for Design and Site Plan Review of January 30, 1995, which included a site plan of the subject property, photographs, and drawings detailing the proposed sign; a night photograph of the subject store and adjacent store s sign, a day photograph of the adjacent store and its conforming sign, and photographs of the proposed KNAPP Video Sign as it appears at another location; and Knapp Video's March 17, 1995 Application for a Special Use Permit and additional drawings and specifications of the proposed sign. (See Copy of the Record of the Zoning Board Proceedings, certified August 16, 1995.)