# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) Def. ID# 2006006663
)
HENRY L. WILKERSON )
)
Defendant. )

Submitted: August 25, 2021
Decided: September 7, 2021

## *Defendant's Renewed Motion for Acquittal on Count 3*

## <u>MEMORANDUM OPINION AND ORDER</u>

James P. Murray, Esquire, Assistant Public Defender, 14 The Circle, Georgetown, DE 19947, Attorney for Defendant.

Kevin A. Gardner, Esquire and Derek Gay, Esquire, Deputy Attorneys General, Department of Justice, 114 East Market Street, Georgetown, DE 19947, Attorneys for the State of Delaware.

**KARSNITZ, J.**

## PROCEDURAL BACKGROUND

Defendant Henry L. Wilkerson ("Defendant") was charged with four criminal offenses under Delaware law: Strangulation (a felony)[1]; Terroristic Threatening (a misdemeanor)[2]; Endangering the Welfare of a Child (a misdemeanor)[3]; and Offensive Touching (a misdemeanor).[4] A jury trial was held on August 9, 2021. The Terroristic Threatening charge was dropped before the submission of the case to the jury. Of the remaining charges, the jury acquitted Defendant of Strangulation and convicted him of Offensive Touching and Endangering the Welfare of a Child.

On August 11, 2021, Defendant filed a Renewed Motion for Acquittal as [to] Count 3, Endangering the Welfare of a Child (the "Motion"). On that same day, I asked the parties by letter to submit their arguments to me on the Motion. On August 25, 2021, the State responded to the Motion. This is my ruling on the Motion.

## INTRODUCTION

The question before me today is: can a conviction of a compound offense survive in the face of an acquittal of its predicate felony or misdemeanor charge? The answer to this question requires me to decide which line of Delaware cases governs Defendant's claim that the jury verdict in his case is inconsistent. One line

___

[1] 11 *Del. C.* §607(a)(1).
[2] 11 *Del. C.* §621(a)(1).
[3] 11 *Del. C.* §1102 (a)(4).
[4] 11 *Del. C.* §601(a)(1).

of cases relies on the principle of jury lenity coupled with sufficiency of the evidence.  Another line of cases examines the precise language of the criminal statute to determine if, as a matter of law, all elements of the offense, as drafted by the Delaware General Assembly, have been met.   I am guided by the General Assembly's declaration that "[n]o person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt."[5]   Thus a careful reading of the Endangering the Welfare of a Child statute is required.

The statute provides in pertinent part:

(a) A person is guilty of endangering the welfare of a child when:

(4) The person commits any *violent felony, or reckless endangering second degree, assault third degree, terroristic threatening, unlawful imprisonment second degree, or child abuse third degree* against a victim, knowing that such felony or misdemeanor was witnessed, either by sight or sound, by a child less than 18 years of age who is a member of the person's family or the victim's family. [Emphasis supplied.]

The predicate offenses underlying this compound offense are a violent felony and five enumerated  misdemeanors.  Defendant argues that, since he was acquitted of the sole felony charge (Strangulation), the Terroristic Threatening misdemeanor charge was dropped, and none of the other four enumerated misdemeanors apply, there is no factual or legal support for a conviction of this offense.   The State counters that the jury was being lenient, and that, notwithstanding the acquittal and

---

[5] 11 *Del. C.* §301(b). In this statute, the General Assembly chose to codify what is widely recognized as a federal constitutional mandate. *See generally In re Winship,* 397 U.S. 358 (1970) ("[P]roof of a criminal charge beyond a reasonable doubt is constitutionally required.").

dropped charge, the evidence presented at trial is sufficient to support a conviction of the offense of Endangering the Welfare of a Child.

## ANALYSIS

### The *Brooks-Brown* Line of Cases – Firearms and Dangerous Weapons

Beginning with *Brooks v. State,*[6] a case where the defendant faced a single weapons charge with no predicate offense pending, the Delaware Supreme Court has rejected, in a variety of contexts, the requirement to obtain a jury verdict convicting the defendant of a predicate felony, even where the defendant is charged with a predicate felony in the indictment. The Court has specifically interpreted the Possession of a Firearm During the Commission of a Felony ("PFDCF") statute[7] and its companion statute, Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"),[8] to require only that "the weapons offense occur during the commission of the felony."[9] This view was first articulated in *Brooks* where the State had indicted the defendant only on the firearms charge and the defendant did not face a separate charge for an underlying felony. A felony was committed in *Brooks*, although not by the defendant, and the defendant possessed a deadly weapon during the commission of that felony. Because there was no pending predicate

---

[6] 367 A.2d 638 (Del.1976).
[7] 11 *Del. C.* §1447A(a).
[8] 11 *Del. C.* §1447(a).
[9] *Brooks,* 367 A.2d at 640.

charge against the defendant for the jury to consider, the jury's factfinding and verdict, by definition, could not be inconsistent.

Ironically, *Brooks,* a case where no inconsistent verdict was possible, spawned a line of decisions, each quoting language from the *Brooks* opinion, where juries, in fact, did return inconsistent verdicts. For example, in *Brown v. State*,[10] a jury acquitted the defendant of the specific predicate felonies underlying several PFDCF charges but convicted him of thirteen *other* felonies. In those circumstances, the Court found that the inconsistency in the verdict could be explained by jury lenity, citing *Brooks* (which involved inapposite facts) for the proposition that jury lenity can explain a compound-predicate inconsistency on the basis that "there is no requirement that a defendant be convicted of the underlying felony."[11] However, as discussed below*, Brown* and its progeny were overruled six years later, in 2005, to the extent those cases upheld convictions after inconsistent verdicts where the jury failed to convict on a predicate felony, either the felony originally charged in the indictment or a lesser-included felony.

---

[10] 729 A.2d 259 (Del.1999).
[11] *Id.* at 266.

**The *Powell-Tilden* Line of Cases – Jury Lenity and Sufficiency of the Evidence**

      **Jury Lenity**

In *United States v. Powell,*[12] a jury acquitted the defendant of two predicate felonies: distribution and conspiracy to distribute controlled substances. Nonetheless, the jury convicted Powell of the compound charge of facilitating those felonies by telephone. On review by the United States Supreme Court, Powell argued that the inconsistent verdicts required the Court to find as a matter of law that the evidence was insufficient to support the compound felony conviction.[13] Rejecting Powell's argument, the Court held:

> Whether presented as an insufficient evidence argument, or as an argument that the acquittal on the predicate offense should collaterally estop the Government on the compound offense, the argument necessarily assumes that the acquittal on the predicate offense was proper -- the one the jury "really meant." This, of course, is not necessarily correct; all we know is that the verdicts are inconsistent.[14]

The Court concluded that:

> [I]f inconsistent verdicts are nevertheless reached[,] those verdicts still are likely to be the result of mistake, or lenity, and thus must remain undisturbed by reviewing courts.[15]

The Court in *Powell* disclaimed that it was engaging in a review of the sufficiency of the evidence. It held that, regardless of the implications of the inconsistent verdicts, the prosecuting authority "must convince the jury with its proof, and must also satisfy

---

[12] 469 U.S. 57 (1984).
[13] *Id.* at 68.
[14] *Id.*
[15] *Id.*

the courts that given this proof the jury could rationally have reached a verdict of guilt beyond a reasonable doubt."[16]  *Powell* represents the federal courts' articulation of the jury lenity doctrine.

**Sufficiency of the Evidence**

The Supreme Court of Delaware adopted *Powell's* rationale several years later in *Tilden v. State*,[17] but added a second test: sufficiency of the evidence.  Tilden was charged with two counts of first-degree robbery as predicate felonies, crimes that involved the use of a deadly weapon. A jury convicted Tilden of two counts of second-degree robbery, however, as well as two counts of PDWDCF.  On appeal, Tilden argued that the convictions were legally inconsistent, claiming that the jury had implicitly rejected the State's evidence supporting the weapons element of first-degree robbery yet had simultaneously accepted that same evidence to convict him of the PDWDCF charge. Affirming Tilden's convictions, the Court held that *Powell's* "rule of jury lenity finds proper application in cases of verdict inconsistency,"[18] and that judicial review of the sufficiency of the evidence, independent of lenity considerations, affords "protection against jury irrationality or error."[19]  Noting that the record demonstrated gun-related testimony by the robbery victims and evidence of a shotgun seizure by police, the Court held that, viewing the evidence in a light

---

[16] *Id.* at 67.
[17] 513 A.2d 1302 (Del.1986).
[18] *Id.* at 1307.
[19] *Id., citing Powell,* 469 U.S. at 67.

most favorable to the prosecution, a "rational fact finder could have found the defendant guilty beyond a reasonable doubt as to the weapons charge."[20]   Thus, under Delaware law, *Tilden* couples *Powell*'s rule of jury lenity with a test of the sufficiency of the evidence.

## The *Johnson-Priest* Line of Cases – Statutory  Compound Crimes

Unlike *Tilden,* where the jury did convict (albeit inconsistently) on a lesser-included felony, *Johnson v. State*[21] presents the precise question before me today: whether a conviction of a compound offense can survive in the face of an acquittal of its predicate felony charge. In *Johnson,* a jury acquitted the defendant of burglary but convicted him of conspiracy to commit burglary. On appeal, the Delaware Supreme Court vacated the conspiracy conviction. Looking to the language of the indictment, the Court held that by "failing to prove beyond a reasonable doubt that the defendant committed burglary in the third degree as alleged in the first count of the indictment, the State also failed to prove that he committed the overt act necessary to the conspiracy charge as alleged in the third count of the indictment."[22]   The Court also found that the possibilities that a Johnson coconspirator could have performed the overt act, or that Johnson could have been found culpable as an accomplice, could

---

[20]*Tilden,* 513 A.2d at 1307, *citing Jackson v. Virginia,* 443 U.S. 307 (1979).
[21] 409 A.2d 1043 (Del.1979).
[22] *Id.* at 1044.

not cure the inconsistency, because neither the indictment nor the arguments advanced at trial presented those alternate theories of guilt.[23]

The *Johnson* decision was affirmed, and the *Brown* decision was overruled, in *Priest v. State*.[24]  There the defendant claimed that the jury's finding of guilt on a PFDCF charge was factually and legally inconsistent with the jury's decision to acquit him on the underlying felony charge.  The Delaware Supreme Court, sitting *en banc*, held the defendant's conviction for PFDCF was negated, as a matter of law, by his outright acquittal on either the predicate felony or any lesser included felony.  Because the first element of the PFDCF offense with which he was explicitly charged – that the defendant commits either the predicate felony or a lesser included felony – was negated, there was no support for the jury conviction of the compound PFDCF offense.  The Court stated:

> The question of whether an actual conviction of the underlying felony is an element of the statutory … offense requires a close reading of the applicable statute and a reappraisal of the role of jury lenity in cases of predicate and compound felony inconsistencies. We conclude that *the common law analysis normally employed to avoid post-verdict inquiry into what appears to be jury mistake or a jury's exercise of leniency cannot be reconciled with the … statute*. Therefore, the failure to obtain a conviction of either the specific predicate offense or a lesser-included felony left the State unable to prove -- as our General Assembly requires -- that Priest possessed a firearm "during [his] commission of a felony." We accordingly conclude that Priest's … convictions … must be vacated.[25] [Emphasis supplied]

---

[23] *Id.*
[24] 879 A.2d 575 (2005).
[25] *Id.* at 583.

My emphasis in the foregoing cited language indicates that the "normal" test employed by Delaware courts in inconsistent verdict cases is the common law *Powell-Tilden* test of jury lenity coupled with sufficiency of the evidence. Only in those rarer cases where the language of the statute at issue requires a different result is the *Priest* test employed. The Court states as much in *Priest*:

> In most cases of verdict inconsistency, the facts will be controlled by the *Tilden* principle, and inconsistent verdicts resulting from a not guilty verdict on a predicate charge and a guilty verdict on a compound charge will likely not invalidate the conviction.[26]

> The Court elaborates in a more recent case, *Graham v. State*:[27]

> It bears mention that the rule adopted in *Tilden* is not universally applicable. In *Priest,* we held that convictions of compound offenses of possession of a firearm during a commission of a felony (PFDCF) were negated by the defendant's outright acquittal on the predicate offenses explicitly charges as elements of the PFCDF counts. The inapplicability of the jury-lenity doctrine adopted in *Tilden* in the PFDCF context is a product of the PFDCF statute itself which forecloses the doctrine's application except under limited circumstances.[28]

In my view, this case falls into the minority, second category of cases, and the *Tilden* test does not apply. Rather, I must parse the precise language of 11 *Del. C.* §1102 (a)(4), Endangering the Welfare of a Child.[29]

---

[26] *Id.* at 587.
[27] 171 A.3d 573 (Del. 2017) (Table).
[28] *Id.* at fn 6.
[29] The Delaware Supreme Court has not limited such statutory review in inconsistent verdict cases to firearms or dangerous weapons offenses. For example, in *Johnson,* the Court held that, by failing to prove beyond a reasonable doubt that the defendant committed burglary in the third degree as alleged in the first count of the indictment, the State also failed to prove that he committed the overt act necessary to the conspiracy charge as alleged in the third count of the

Cited in full above, the statute requires that at least one predicate felony or at least one of five enumerated predicate misdemeanors must underlie the compound offense. The predicate felony charge (Strangulation) was not proven to the jury beyond a reasonable doubt. The predicate misdemeanor charge (Terroristic Threatening) was not even presented to the jury. None of the other four predicate misdemeanors are applicable. Nor were there any lesser included offenses charged or proven to the jury. As the Court states in *Priest*, "ultimately judicial deference to the factfinder, embodied in the doctrine of jury lenity, cannot supercede [sic] the judiciary's primary obligation to give effect to the General Assembly's formulation of the criminal law."[30]

Even viewing the evidence most favorably to the State, which I do, the jury verdicts of guilty of Offensive Touching and guilty of Endangering the Welfare of a Child are inescapably inconsistent. The jury's verdict of guilty as to the charge of Endangering the Welfare of a Child must be vacated.

---

indictment. The verdicts were vacated as inconsistent.
[30] *Priest*, 879 A.2d at 590.

## CONCLUSION

For the reasons stated above, I **GRANT** Defendant's Motion for Acquittal on Count 3.  The Conviction on Count 4 stands.  We will proceed to sentencing on Count 4, the charge of which Defendant was convicted, Offensive Touching.

**IT IS SO ORDERED.**

/s/ Craig A. Karsnitz

cc:  Prothonotary