**Goldfield TILDEN, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: March 27, 1986.
Decided: Aug. 5, 1986.

Anthony A. Figliola, Jr., Wilmington, for appellant.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., McNEILLY, HORSEY, MOORE and WALSH, JJ., constituting the Court *en banc.*

WALSH, Justice:

The defendant, Goldfield Tilden, was convicted of various robbery, theft and weapons offenses in the Superior Court. He appeals on the ground that the jury's verdict in certain respects was defective in both form and content and must be set aside. Post-trial, the trial judge refused to set aside the verdicts but acknowledged their inconsistency. Because the issue before us requires that we reexamine a previous decision of this Court and, if necessary overrule it, we have considered the appeal *en banc.* We conclude that the jury's verdict in this case, although inconsistent, represents an extension of lenity to the defendant and that the convictions must be affirmed.

I

The factual basis underlying the jury's verdict was essentially undisputed at trial. On December 16, 1983, two passengers leaving the Wilmington Train Station were robbed by an individual armed with a gun which one victim described as "unusual"— bigger than a handgun but smaller than a rifle. Both victims were able to give a detailed description of the robber but were unable, at that time, to identify him in a photographic lineup.

Two weeks later, the defendant was arrested in connection with the theft of an automobile. Because the defendant bore a close resemblance to the description of the train station robber, his photograph was included in a new photographic lineup. One victim identified the defendant and the other victim identified a coat seized from the defendant as similar to that worn by the train station robber. The police later executed a search warrant and seized a sawed-off shotgun from the defendant's room. One of the victims identified the gun as the weapon used in the robbery.

The robbery and theft incidents were tried together and the defendant was subsequently convicted of a total of ten charges. Of the total convictions only the felony theft charge and four of the offenses arising out of the train station incident are the subject of this appeal: two separate findings of guilt as to robbery second degree (lesser included offenses of charges of robbery first degree—Counts I and II of the indictment) and two separate findings of guilt of possession of a deadly

weapon during the commission of the robberies (Counts III and IV of the indictment).

## II

 The manner in which the trial judge accepted the jury's announced findings of guilt as to one of the weapons offenses and the theft felony charge is the basis for the defendant's first claim of error.[1] Defendant contends that the trial judge impermissibly molded the jury's erroneous findings instead of ordering the jury to deliberate further after clarifying instructions.

Defendant's argument that the jury's findings of guilty as to possession of a deadly weapon "in the second degree" and theft "in the first degree" were a nullity is premised upon the contention that no such offenses exist under the Delaware Criminal Code (11 *Del.C.* §§ 101–1451). Had the jury's verdict ended with the forelady's initial defective announcement there would be merit in the defendant's position. However, the trial judge quickly resolved the ambiguity in a colloquy which clarified the jury's intention to find the defendant guilty of the offenses set forth in the court's instructions. Moreover, when the forelady's announced verdict was repeated by the Prothonotary for affirmation by the entire panel there was no dissent from the corrected verdict.[2]

 The jury's intention controls the rendition of its verdict. Where the form of the verdict is imprecise or contains superfluous language the verdict will not be invalidated if the jury's intention is nonetheless clear or subject to clarification. *See Powell v. State,* Del.Supr., 7 Terry 551, 86 A.2d 371 (1952). Where the language used by the jury unmistakably expresses a conclusion, defects of form will not serve to invalidate the verdict. *Barber v. State,* Md.Ct.Spec.App., 295 A.2d 814 (1972). Nor is the trial judge precluded from attempting to resolve technical defects in the jury's verdict. Indeed, it is the duty of the trial judge to do so, so long as he does not usurp the jury's fact-finding function or prevent the intended result. Here the trial judge quickly and alertly resolved the defects.

## III

 The defendant next asserts that the jury's verdict is legally inconsistent to the

---

1. The jury's announcement, in pertinent part, was as follows:

 THE PROTHONOTARY: Does the jury find the Defendant at the bar, Goldfield Tilden, guilty or not guilty as to the charge of Count I, robbery first degree?
 THE FORELADY: Guilty in the second degree.
 THE PROTHONOTARY: As to Count II, robbery in the first degree?
 THE FORELADY: Guilty in the second degree.
 THE PROTHONOTARY: As to Count III, possession of a deadly weapon during the commission of a felony.
 THE FORELADY: Guilty in the second degree.
 THE COURT: Well, what was the verdict there?
 THE PROTHONOTARY: Guilty in the second degree.
 THE COURT: Well, it is guilty.
 THE PROTHONOTARY: As to Count IV, possession of a deadly weapon during commission of a felony?
 THE FORELADY: Guilty.
 \* \* \* \* \* \*

 THE PROTHONOTARY: As to Count VII, theft more than $300.
 THE FORELADY: Guilty in the first degree.
 THE COURT: That is guilty of the felony?
 THE FORELADY: Yes.

2. THE PROTHONOTARY: Thank you. Please be seated.
 Members of the jury, hearken to the verdicts as the Court has recorded them. Your Forelady says that you find Goldfield Tilden, the Defendant at the bar, guilty of Count I, robbery second degree; guilty of Count II, robbery second degree, guilty of Count III, possession of a deadly weapon during the commission of a felony; guilty of Count IV, possession of a deadly weapon during the commission of a felony; guilty of Count V, possession of a deadly weapon by a person prohibited; Count VI, possession of a destructive weapon; Count VII, theft felony—
 THE COURT: Well, guilty.
 THE PROTHONOTARY: Guilty; Count VIII, guilty of possession of a deadly weapon during the commission of a felony; Count IX, guilty of possession of a deadly weapon by a person prohibited; Count X, guilty of possession of a destructive weapon. So say you all?
 (The jury affirmed.)

extent it found him guilty of two counts of robbery second degree while at the same time returning verdicts of guilty as to companion charges of possession of a deadly weapon during the commission of a felony of robbery. He argues that under Delaware law, robbery in the second degree is elevated to robbery in the first degree if the additional element of possession of a deadly weapon is charged, as it was here.[3] By its findings of guilty, the argument runs, on the lesser charges of robbery second degree, the jury implicitly rejected the State's evidence concerning the weapon element, the same evidence which forms the basis for the related weapons charges. Accordingly, in the defendant's view, the weapons verdicts must be declared fatally inconsistent with the robbery second degree findings.

The State concedes that the weapons and robbery second degree verdicts are inconsistent, but urges that this result be viewed as an exercise in jury lenity. The trial judge adopted this rationale in denying postconviction relief although the ruling

appears to be at variance with the holding of this Court in *Johnson v. State,* Del. Supr., 409 A.2d 1043 (1979) (per curiam).

In *Johnson,* this Court reversed a conviction of conspiracy in the second degree because the jury had found the defendant not guilty of burglary in the third degree— the overt act alleged in the conspiracy charge. The Court also refused to sustain the conspiracy charge on the ground that the overt act might have been committed by an unnamed coconspirator since no such allegation was contained in the indictment. Although the Court did not label the verdicts as inconsistent, it invalidated the conspiracy conviction because the burglary acquittal was a failure by the State "to prove * * * the overt act necessary to the conspiracy charge...." *Id.* at 1044. In *Johnson* this Court did not examine the evidence presented at trial to determine if the verdicts, though inconsistent, were separately sustainable but accepted the jury's acquittal as preclusive on the issue of failure of proof.

---

**3.** The robbery and weapons charges were indicted as follows:

# N–84–01–0134
#### COUNT I. A FELONY
ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware Code of 1974, as amended.

GOLDFIELD TILDEN, on or about the 16th day of December, 1983, in the County of New Castle, State of Delaware, when in the course of committing theft, did threaten the immediate use of force upon Patricia Newton with intent to compel the said Patricia Newton to deliver up property consisting of Fifty-Six Dollars ($56.00) in United States Currency, and when in the course of the commission of the crime, he displayed what appeared to be a deadly weapon, to wit: a sawed-off shotgun.

# N–84–01–1769
#### COUNT II. A FELONY
ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware Code of 1974, as amended.

GOLDFIELD TILDEN, on or about the 16th day of December, 1983, in the County of New Castle, State of Delaware, when in the course of committing theft, did threaten the immediate use of force upon Basil Constantino with intent to compel the said Basil Constantino to deliver up property consisting of Thirty-Eight Dollars ($38.00) in United States Currency and a credit

card, and when in the course of the commission of the crime, he displayed what appeared to be a deadly weapon, to wit: a sawed-off shotgun.

# N–84–01–1770
#### COUNT III. A FELONY
POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY in violation of Title 11 Section 1447 of the Delaware Code of 1974, as amended.

GOLDFIELD TILDEN, on or about the 16th day of December, 1983, in the County of New Castle, State of Delaware, did knowingly possess a deadly weapon during the commission of a felony by possessing a sawed-off shotgun, a deadly weapon, during the commission of Robbery First Degree, as set forth in Count I of this Indictment, incorporated herein by reference.

# N–84–01–1771
#### COUNT IV. A FELONY
POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY in violation of Title 11, Section 1447 of the Delaware Code of 1974, as amended.

GOLDFIELD TILDEN, on or about the 16th day of December, 1983, in the County of New Castle, State of Delaware, did knowingly possess a deadly weapon during the commission of a felony by possessing a sawed-off shotgun, a deadly weapon during the commission of Robbery First Degree, as set forth in Count II of this Indictment, incorporated herein by reference.

Verdicts alleged to be inconsistent have been upheld in later decisions by this Court where there was a basis for imputing the predicate element to an accomplice, *Stewart v. State*, Del.Supr., 437 A.2d 153 (1981) or where the predicate act was established in alternative form, *Hindt v. State*, Del. Supr., 421 A.2d 1325 (1980). The present case, however, requires that we face directly the question of whether a jury's verdict directed to separate counts of the indictment must be consistent with each other.

Inconsistent verdicts may take the form of acquittal of a predicate offense but conviction of a compound offense; or conviction of a lesser included offense which implicitly results in an acquittal of a more serious offense the aggravating element of which is required for the conviction of a related compound offense. In *Johnson*, it was concluded that a conviction of the compound offense could not stand in the absence of the establishment of the predicate felony which was an essential element.[4] Here, the aggravating element, the possession of a deadly weapon, was determined to be lacking in the robbery charge but since the offense of robbery second degree qualified as a predicate felony under 11 *Del.C.* § 1447(e), the jury's verdict is inconsistent only to the extent it determined the presence of a deadly weapon in the same incident.

The rationale underlying the principle of verdict consistency is that the convictions must be logically responsive to integrated counts in a multicount indictment. But this is not the prevailing view. IV *Wharton's Criminal Procedure* § 574 (12th ed. 1976). If the inconsistency can be explained in terms of jury lenity, the convictions may stand. *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *United States v. Uzzolino*, 3d Cir., 651 F.2d 207, *cert. denied;* 454 U.S. 865, 102 S.Ct. 327, 70 L.Ed.2d 166 (1981). In *United States v. Powell*, the U.S. Supreme Court, in the exercise of its supervisory

authority over the federal criminal process, reaffirmed the rule established in *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), which insulated jury verdicts from judicial review on the basis of inconsistency.

In *United States v. Powell*, the defendant had been acquitted of the predicate felonies involving the distribution or conspiracy to distribute illegal drugs but convicted of the compounded charge of telephone facilitation of such felonies. Although it assumed that the Government was required to prove the predicate felony as an element of the facilitating offense the Court nonetheless upheld the concededly inconsistent jury verdicts:

\*　　\*　　\*　　\*　　\*　　\*

The rule that the defendant may not upset such a verdict embodies a prudent acknowledgement of a number of factors. First, as the above quote suggests, inconsistent verdicts—even verdicts that acquit on a predicate offense while convicting on the compound offense—should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. But in such situations the Government has no recourse if it wishes to correct the jury's error; the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution's Double Jeopardy Clause. *See Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957); *Kepner v. United States*, 195 U.S. 100, 130, 133, 24 S.Ct. 797, 804, 805, 49 L.Ed. 114 (1904); *United States v. Powell*, 469 U.S. 57, 105 S.Ct. at 477 [83 L.Ed.2d 461].

---

**4.** The overt act alleged in a conspiracy charge need not, itself, be a separately charged offense although it was so alleged in *Johnson*, rendering the conspiracy charge a compound offense.

We believe the rule of jury lenity finds proper application in cases of verdict inconsistency in this State. Moreover, as the Court noted in *United States v. Powell,* "a criminal defendant is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence by the trial and appellate courts." *Id* 105 S.Ct. at 478.

Here the trial judge examined the evidence post-trial and concluded that it was sufficient to establish the basis for convictions under both weapons charges. We likewise are satisfied that the State presented sufficient evidence through the testimony of the robbery victims, coupled with the seizure of the sawed-off shotgun, which viewed in a light most favorable to the prosecution established that a rational fact finder could have found the defendant guilty beyond a reasonable doubt as to the weapons charge. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

█ The State requests that we overrule our holding in *Johnson* as contrary to the clear weight of authority upholding inconsistent verdicts. We note, however, that there is no indication that the principle of jury lenity was considered by the Court in *Johnson;* the State instead sought to uphold the verdicts as consistent on the basis of accomplice liability. Moreover, the Court did not evaluate the evidence under the standard of *Jackson,* but accepted the jury's verdict as preclusive on the question of sufficiency of the evidence on the burglary charge. While we decline to expressly overrule *Johnson,* we hold that the controlling standard for testing a claim of inconsistent verdicts is the rule of jury lenity now approved coupled with the sufficiency of evidence standard.

Defendant's convictions, although based on inconsistent verdicts, are supported by sufficient evidence and are accordingly AFFIRMED.