IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STANLEY KING, | § | |
| | § | No. 112, 2015 |
| Defendant Below– | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 1312012661 |
| Plaintiff Below– | § | |
| Appellee. | § | |

Submitted: June 18, 2015
Decided: August 26, 2015

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 26th day of August 2015, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)    In January 2015, a Superior Court jury convicted the defendant-appellant, Stanley King, of one count each of Burglary in the Second Degree, Endangering the Welfare of a Child, Malicious Interference with Emergency Communications, Offensive Touching, Misdemeanor Criminal Mischief, and Breach of Release. The jury acquitted King of a second count of Endangering the Welfare of a Child. On February 11, 2015, after a presentence investigation and upon the State's motion, the Superior Court declared King to be a habitual

offender and sentenced him to a total period of ten years and seven months at Level V incarceration, to be suspended after serving eight years and thirty days in prison for decreasing levels of supervision. This is King's direct appeal.

(2) King's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, counsel informed King of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief and appendix. King also was informed of his right to supplement his attorney's presentation. King has raised nine issues for inclusion in the Rule 26(c) brief. The State has responded to the Rule 26(c) brief and King's additional points and has moved to affirm the Superior Court's judgment.

(3) The Superior Court record reflects that, on December 30, 2013, Dover police received a 911 call regarding a domestic dispute. Upon arrival at the scene, the victim stated that King, her estranged boyfriend against whom she had a no contact order, broke through the door of her apartment while she was getting their daughter dressed to go outside. King and the victim engaged in a physical struggle. The victim told King that she was going to call the police. King then grabbed the victim's cell phone out of her hand and threw it across the room. The victim hit King several times and pulled out a lock of his hair,

after which King fled the apartment. At trial, the victim testified that, during their altercation, King threatened to kill her. The investigating officer, however, testified that the victim did not make that claim when he interviewed her. The jury convicted King on six of the seven indicted charges.

(4) In response to his counsel's brief on appeal, King raises the following nine issues for the Court's consideration: (i) the verdict was inconsistent because there were two children in the apartment at the time of the incident but the jury acquitted him of one of the two indicted counts of Endangering the Welfare of a Child; (ii) one of the jurors requested to leave early for the day and this may have led to a rushed verdict; (iii) the evidence against him was insufficient because the State failed to produce photos of the crime scene; (iv) trial counsel was ineffective for failing to allow King to select his jury and for failing to file a motion to suppress; (v) the victim committed perjury when she testified that King threatened to kill her; (vi) the State committed a *Brady* violation when it failed to produce photos of the crime scene; (vii) King was entitled to a *Deberry* instruction because of the missing crime scene photos; (viii) the Superior Court erred in granting the State's habitual offender motion after King had been sentenced; and (ix) his speedy trial rights were violated because the Superior Court granted six continuance requests.

(5)     The standard and scope of review applicable to the consideration of defense counsel's motion to withdraw and an accompanying brief under Rule 26(c) is twofold:  (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record in order to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6)     King's first claim on appeal is that the jury rendered an inconsistent verdict because it convicted him of one count of Endangering the Welfare of a Child but acquitted him of a second count, even though there were two children present in the apartment.  Under the rule of jury lenity, this Court may uphold a conviction that is inconsistent with another jury verdict if there is legally sufficient evidence to justify the conviction.[2]  King does not argue that the evidence was legally insufficient to support his conviction for child endangerment.  Even if he did raise such an argument, we conclude, viewing the evidence in the light most favorable to the State, that any rational juror could

---

[1] *Penson v Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[2] *Tilden v. State*, 513 A.2d 1302, 1306-07 (Del. 1986).

have found King guilty beyond a reasonable doubt of endangering the welfare of his daughter.[3]  Accordingly, we find no merit to his first contention on appeal.

(7)    King's second argument is that, because one of the jurors expressed a desire to be excused at 4 PM on the day of deliberations, the jury verdict may have been rushed.  King's argument, however, is unsupported by the record. The trial judge informed the prosecutor and defense counsel of the juror's request and asked counsel whether they would agree to accommodate the juror's request to adjourn at 4 PM if the jury had not reached a verdict by then.  Both lawyers agreed.  The trial judge then informed the jury that they would adjourn at 4 PM that day but would return the next day to continue deliberations if they had not yet reached a verdict.  The jury reached its verdict before 4 PM that same afternoon.   To impeach the jury's verdict, King has the burden of establishing both improper influence and actual prejudice to the impartiality of the juror's deliberations.[4]  King, however, did not object to the juror's request for an early adjournment on the day deliberations began.  Moreover, his contention that the verdict was rushed is purely speculative and unsupported by any evidence of impropriety.

---

[3] *Id.* at 1307 (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

[4] *Flonnory v. State*, 778 A.2d 1045, 1054 (Del. 2001).

5

(8) King next asserts that the evidence was insufficient to support his convictions because the State failed to submit any photographs into evidence. The investigating officer testified that he had taken photographs at the crime scene, including photos of the damage to the victim's front door, but when the officer attempted to retrieve the digital photos from the camera's memory card, the memory card was blank. King did not raise any objection to the lack of photographic evidence at trial. Moreover, the lack of photographic evidence does not support King's argument that the State's evidence was insufficient to support his convictions. The State presented the evidence of two witnesses—the victim and the investigating officer—who testified about the damage to the victim's apartment. The State was able to establish the elements of the charged crimes without photographic evidence, and the evidence it presented was more than sufficient to establish that King was guilty of second degree burglary and the related charges.

(9) King next asserts that his trial counsel was ineffective for failing to file a pretrial suppression motion or allowing King to pick his own jury. This Court, however, will not consider a claim of ineffective assistance for the first time on direct appeal.[5]

---

[5] *Johnson v. State*, 962 A.2d 233, 234 (Del. 2008).

(10) King's fifth claim on appeal is that the victim testified falsely at trial that King had threatened to kill her. In support of his perjury claim, King points out that the investigating officer testified that the victim never told him that King had threatened her. Defense counsel highlighted this inconsistency in her closing argument and argued the victim's credibility to the jury. The jury, however, is the sole judge of the credibility of the witnesses appearing before the trial court and is responsible for resolving any conflicts in the testimony.[6] It was within the purview of the jury to resolve any conflicts in the testimony against King. We find no merit to this claim.

(11) King's sixth claim is that the State committed a *Brady* violation by failing to disclose the photographs taken by the investigating officer. "There are three components of a *Brady* violation: (1) evidence exists that is favorable to the accused, because it is either exculpatory or impeaching; (2) that evidence is suppressed by the State; and (3) its suppression prejudices the defendant."[7] King's *Brady* argument is meritless in this case because the photographs did not exist due to a camera malfunction. Thus, the State did not suppress disclosure of the photos.

---

[6] *McCoy v. State* 112 A.3d 239, 268 (Del. 2014).

[7] *State v. Wright*, 67 A.3d 319, 324 (Del. 2013) (quotations omitted).

(12) In a related argument, King asserts that he was entitled to a missing evidence or *Lolly*[8] instruction. A prerequisite for relief under *Lolly* is that the requested material must be subject to disclosure under *Brady* or Superior Court Criminal Rule 16.[9] As discussed above, the material King has identified did not trigger a duty under *Brady* or Superior Court Criminal Rule 16 because the photos simply did not exist.

(13) King's eighth argument on appeal is that he was denied a speedy trial due to six continuances. The Superior Court docket, however, belies his claim. King was arrested in January 2014 and held on secured bail. He posted bail in March 2014 and was released. His trial was scheduled to begin on May 6, 2014. King failed to appear, and a capias was issued. Trial had to be rescheduled until September 3, 2014. On that day, defense counsel requested a continuance. Trial was rescheduled to October 7, 2014. On that day, the State requested a continuance because a witness was unavailable. Trial was rescheduled to November 17, 2014. On that day, the Superior Court had to continue the trial because of the lack of judges. Ultimately, trial was held on January 6, 2015.

---

[8] *Lolly v. State*, 611 A.2d 956 (Del. 1992).

[9] *McCrey v. State*, 2008 WL 187947, at *2 (Del. Jan. 3, 2008).

(14)  We find no basis for King's speedy trial claim.[10]  King's case was tried almost exactly one year from the date of his arrest.  Much of the scheduling delay was caused by King's failure to appear for his original trial date in May 2014 and by his request for a continuance of the second trial date in September 2014.  Moreover, King failed to assert a speedy trial claim in the Superior Court in the first instance.  He also fails to allege any prejudice from the delay.  Given these factual circumstances, we find no merit to his speedy trial claim on appeal.

(15)  King's final assertion of error is that the State's habitual offender motion was not granted until March 4, 2015, a month *after* King was sentenced.  King is incorrect, however.  The docket reflects that the State's motion was filed on January 9, 2015, with a notation that it would be heard at sentencing.  Sentencing was held on February 11, 2015.  The Superior Court's docket reflects that the motion to declare King a habitual offender was granted on February 11 at the sentencing hearing.  Thus, there is no factual basis for King's final claim.

(16)  The Court has reviewed the record carefully and has concluded that King's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that King's counsel has made a conscientious effort

---

[10] *See Service v. State*, 2015 WL 1234489, at *3-4 (Del. Mar. 17, 2015) (*citing Barker v. Wingo*, 407 U.S. 514 (1972) and its four factor test for analyzing a speedy trial claim).

9

to examine the record and has properly determined that King could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice