IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEVAR GRAHAM, | § | |
| | § | |
| Defendant Below, | § | No. 596, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1607004836 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 13, 2017
Decided: September 18, 2017

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

### **O R D E R**

This 18th day of September, 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    A Superior Court jury convicted Levar Graham of Resisting Arrest with Force or Violence (a felony) ("Resisting Arrest"), and acquitted him of Offensive Touching of a Law Enforcement Officer ("Offensive Touching") and Disorderly Conduct (both misdemeanors). This is Graham's direct appeal.

(2)    After the jury returned its verdict, Graham moved for a new trial on the ground that the verdicts were fatally inconsistent. More particularly, Graham claimed that the jury's acquittal on the Offensive Touching charge shows that "it

1

implicitly rejected the State's evidence and theory concerning the necessary force element within the felony [Resisting Arrest] charge," necessitating a new trial.[1] After reviewing the evidence and concluding that the verdicts were not inconsistent, the Superior Court denied the motion and sentenced Graham to two years of Level 5 incarceration suspended for one year of Level 3 intensive supervision. Implicit in the court's ruling was the related conclusion that there was sufficient evidence to support the felony Resisting Arrest conviction. We agree with both of these conclusions and therefore affirm.

(3)    This Court reviews the trial court's denial of a motion for a new trial for an abuse of discretion.[2]

(4)    In *Tilden v. State*,[3] we held that inconsistency alone is an insufficient basis for challenging a jury verdict and that "the controlling standard for testing a claim of inconsistent verdicts is the rule of jury lenity . . . coupled with the sufficiency of evidence standard."[4]  Citing the United States Supreme Court's opinion in *United States v. Powell*,[5] we also held in *Tilden* that "[i]f the inconsistency can be explained in terms of jury lenity, the convictions may stand."[6]  In reviewing

---

[1] Opening Br. at 2.
[2] *Burroughs v. State*, 988 A.2d 445, 448-49 (Del. 2010).
[3] 513 A.2d 1302 (Del. 1986).
[4] *Id.* at 1307.
[5] 469 U.S. 57 (1984).
[6] *Tilden*, 513 A.2d at 1306. It bears mention that the rule adopted in Tilden is not universally applicable.  In *Priest v. State*, 879 A.2d 575 (Del. 2005), we held that convictions of compound offenses of possession of a firearm during a commission of a felony (PFDCF) were negated by the

2

an inconsistent verdict claim, the Court must still test the sufficiency of the evidence supporting the conviction.[7]  When considering the sufficiency of the evidence, the standard is "whether considering the evidence in the light most favorable to the prosecution, including all reasonable inferences to be drawn therefrom, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[8]

(5)   Graham claims that the verdicts were inconsistent because (a) a necessary element of Resisting Arrest was the use of force or violence, (b) the only facts presented by the State supporting the force-or-violence element was testimony from the arresting officer that Graham struck him in the face, and (c) the jury's finding of "not guilty" of Offensive Touching was a rejection of the allegation that Graham used force or violence.  A review of the conflicting testimony describing Graham's arrest, however, supports the trial judge's conclusion that the evidence supported both an acquittal of Offensive Touching and a conviction of Resisting Arrest.

(6)   The officer claimed that Graham struck him in the face with a clenched

<hr>

defendant's outright acquittal on the predicate offenses explicitly charges as elements of the PFCDF counts.  The inapplicability of the jury-lenity doctrine adopted in *Tilden* in the PFDCF context is a product of the PFDCF statute itself which forecloses the doctrine's application except under limited circumstances.

[7] *Tilden*, 513 A.2d at 1307.

[8] *Forrest v. State*, 721 A.2d 1271, 1279 (Del. 1999).

fist.[9] A witness testified that the officer tried to grab Graham's wrist but that Graham avoided the officer's grasp. This witness did not see Graham strike the officer but said Graham "did some type of twist and the cop fell and [Graham] ran and the cop started running after him."[10] Graham himself testified that he did not strike the officer but acknowledged that the officer tried to grab his hand and started "dragging him" but that he broke loose and "took off."[11]

(7) The trial judge posited two scenarios, each of which would explain the simultaneous conviction for Resisting Arrest and acquittal of Offensive Touching of that same officer. Under the first scenario, it was Graham's twisting motion, described by the trial judge as a "swing" or "flail," and not the alleged striking of the officer in the face, that constituted force. Under the second, the jury might have accepted that Graham struck the officer in the face but did so without the requisite mental state, *i.e.,* without "intentionally . . . knowing that the person is thereby likely to cause offense or alarm."[12] Seen in this light, the verdicts were not inconsistent.

(8) But inconsistency alone does not warrant a new trial or reversal. As discussed above, under *Tilden,* "the controlling standard for testing a claim of inconsistent verdicts is the rule of lenity . . . coupled with the sufficiency of evidence

---

[9] App. to Opening Br. at A22.
[10] *Id.* at A30.
[11] *Id.* at A35.
[12] 11 *Del. C.* § 601(a).

4

standard." The sufficiency-of-evidence standard focuses on whether any rational fact finder could have found the defendant guilty beyond a reasonable doubt. To support the conviction, the State was required to prove that Graham intentionally prevented or attempted to prevent the officer from effecting an arrest by use of force or violence towards the officer or that Graham intentionally fled from an officer who was attempting to arrest or detain him by use of force or violence toward the officer.[13] The arresting officer testified that he intended to arrest Graham for disorderly conduct and, in the process, grabbed him by the arm. It is also clear from Graham's testimony that he knew that he was being detained and that, when the officer grabbed him by his shirt or arm, he pulled away and ran.

(9) The only remaining question regarding the sufficiency of the evidence is whether Graham used force or violence. While the Resisting Arrest statute does not define "force," our case law has applied its ordinary meaning and dictionary definition: the use of strength or power.[14] Here, the witnesses' description of Graham's struggle with the officer is consistent with that definition.[15] As the trial

---

[13] 11 *Del. C.* § 1257(a)(1)-(3). Under § 1257(a)(3), the causing of physical injury is a sufficient element even in the absence of force or violence. In this case, the State does not contend that the arresting officer suffered physical injury.

[14] *See Dickerson v. State*, 975 A.2d 791, 798 (Del. 2009) (citing Random House Unabridged Dictionary, 748 (2d ed. 1993) to define "force"). *See also Cephas v. State,* 911 A.2d 799, 801 (Del. 2006) ("Under well-settled case law, Delaware courts look to dictionaries for assistance in determining the plain meaning of terms which are not defined [in a statute].").

[15] *Dickerson*, 975 A.2d at 798 (concluding that pushing against and pulling away from an officer constitutes force).

5

judge reasoned, there was sufficient evidence to prove that Graham used force or violence either in the "swing" or "flail" when he pulled away from the police officer or in the blow to the officer's face. This reasoning was not an abuse of discretion.

(10) Moreover, because under *Tilden*, inconsistency is not fatal, as we consider the sufficiency of the evidence we are free to consider all the evidence, whether or not it is consistent with the analysis supporting the trial judge's conclusion that the verdicts were theoretically consistent. Thus, the officer's testimony that Graham slugged him in the face, even though denied by Graham, is available as we evaluate sufficiency of the evidence. And, if the "swing" or the "flail" referred to by the trial judge and the pulling away from the officer as described by Graham himself are not sufficient to prove force, the blow to the face clearly is.

(11) Finally, "[u]nder the rule of jury lenity, this Court may uphold a conviction that is inconsistent with another jury verdict if there is legally sufficient evidence to justify the conviction."[16] In *Powell*, the United States Supreme Court explained the rationale underpinning the rule of lenity as applied to inconsistent jury verdicts:

> The rule that the defendant may not upset such a verdict embodies a prudent acknowledgment of a number of factors. First, . . . inconsistent verdicts—even verdicts that acquit on a predicate offense while convicting on the compound offense—should not necessarily be interpreted as a windfall to the Government at the defendant's expense.

---

[16] *King v. State*, 126 A.2d 631, 2015 WL 5168249, at *2 (Del. Aug. 26, 2015) (TABLE) (citing *Tilden*, 513 A.2d at 1306-07).

It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. But in such situations the Government has no recourse if it wishes to correct the jury's error; the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution's Double Jeopardy Clause. . . .

Inconsistent verdicts therefore present a situation where "error," in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, and the fact that the Government is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course.[17]

(12) To borrow language from *Powell*, it is possible that the jury that convicted Graham of felony Resisting Arrest was convinced of his guilt but through mistake, compromise or lenity, chose to acquit him of the misdemeanor Offensive Touching charge. Because the Resisting Arrest conviction is supported by sufficient evidence and the Offensive Touching acquittal can be attributed to jury lenity, we find Graham's argument to be without merit.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Superior Court's judgment of conviction is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[17] *Powell*, 469 U.S. at 65 (citations omitted).