IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES A. BROOKS, | § | |
| | § | No. 116, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 171007863 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 17, 2021
Decided: June 4, 2021

Before **SEITZ,** Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)  The appellant, James A. Brooks, appeals from the Superior Court's denial of his motion for correction of sentence and his "motion to correct clear legal error of law." The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Brooks's opening brief that the appeal is without merit. We agree and affirm.

(2)  This case arises out of an incident in which a restaurant worker who was leaving work late at night was robbed at gunpoint by two individuals and shot

in the leg. In February 2018, a grand jury indicted Brooks for first-degree robbery, first-degree assault, two counts of possession of a firearm during the commission of a felony ("PFDCF"), possession of a firearm by a person prohibited, two counts of wearing a disguise during the commission of a felony, and second-degree conspiracy.

(3) On August 29, 2018, Brooks pled guilty to second-degree robbery, as a lesser-included offense of first-degree robbery; one count of PFDCF; and second-degree conspiracy. In exchange for the plea, the State agreed to dismiss the other charges and not to seek sentencing as a habitual offender. The Superior Court sentenced Brooks as follows: for second-degree robbery, to five years of imprisonment, suspended after two years for six months of Level IV supervision; for PFDCF, to five years of imprisonment, with credit for 251 days served; and for second-degree conspiracy, to two years of imprisonment, suspended for one year of Level III probation.

(4) In July 2020, Brooks filed a motion for correction of sentence, and in January 2021, he filed a "motion to correct clear legal error of law." The Superior Court denied those motions, and Brooks has appealed. Brooks argues that the convictions for second-degree robbery and PFDCF are inconsistent because the elements of second-degree robbery do not include the use of a firearm or other

2

weapon in the course of committing the offense,[1] while the elements of PFDCF include possession of a firearm.[2] Citing *Tilden v. State*,[3] he contends that a defendant may be convicted of both second-degree robbery and PFDCF only if the convictions are the result of an exercise of jury lenity during a jury trial.

(5) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although we review questions of law *de novo*.[4] Contrary to Brooks's contention, *Tilden* does not stand for the proposition that convictions for second-degree robbery and PFDCF are always inconsistent and that a defendant may be convicted of both of those offenses only in the context of an exercise of jury lenity. In *Tilden*, the defendant was charged with first-degree robbery and possession of a deadly weapon during the commission of a felony ("PDWDCF"), but a jury convicted him of PDWDCF and the lesser-included offense of second-degree robbery. On appeal, the defendant argued—and the State conceded—that the verdicts were inconsistent because "robbery in the second degree is elevated to robbery in the first degree if the additional element of possession of a

---

[1] *See* 11 *Del. C.* § 831 (providing that a person is guilty of second-degree robbery when "in the course of committing theft, the person uses or threatens the immediate use of force upon another person with intent to: (1) Prevent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) Compel the owner of the property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft").

[2] *See* 11 *Del. C.* § 1447A(a) ("A person who is in possession of a firearm during the commission of a felony is guilty of possession of a firearm during the commission of a felony.").

[3] 513 A.2d 1302 (Del. 1986).

[4] *Reed v. State*, 2015 WL 667525, at *1 (Del. Feb. 12, 2015).

deadly weapon is charged, as it was here" and, thus, the jury implicitly rejected the evidence concerning the weapon element when it declined to convict the defendant of first-degree robbery.[5] This Court affirmed the defendant's convictions, holding that inconsistent verdicts may be upheld "[i]f the inconsistency can be explained in terms of jury lenity" and the judge determines that the verdicts are supported by sufficient evidence.[6]

(6) Because Brooks pled guilty, *Tilden* is inapplicable. If he had proceeded to trial, he would have been tried on the indicted charges of first-degree robbery and PFDCF; if he had then been convicted of second-degree robbery and PFDCF, the court might have been required to consider, under *Tilden*, whether the verdict could be explained by jury lenity and whether the State had presented sufficient evidence to support the verdicts. Instead, Brooks pled guilty to second-degree robbery and PFDCF, reducing his exposure on the robbery offense and obtaining dismissal of numerous other charges, including first-degree assault. By pleading guilty, Brooks waived his right to have a jury decide whether the State sufficiently proved that he possessed a firearm while committing a robbery.[7]

---

[5] *Tilden*, 513 A.2d at 1305.

[6] *Id.* at 1306-07.

[7] *See Pabst v. State*, 2014 WL 1570250, at *2 (Del. Apr. 17, 2014) (stating that a knowing and voluntary guilty plea waives any defenses a person might have had to the charges, including challenges to the sufficiency of the evidence). Brooks has not demonstrated that his plea was not knowingly and voluntarily entered.

4

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice