# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE**, | ) | |
| | ) | |
| **v.** | ) | **Crim. ID No. 2010011141** |
| | ) | |
| **THEODORE S. MILNER** | ) | |

Submitted: October 13, 2022
Decided: January 3, 2023

## ORDER

*Upon Defendant Theodore S. Milner's*
*Motions for a New Trial and for Judgment of Acquittal*,
**DENIED**.

This 3rd day of January, 2023, having considered Defendant Theodore S. Milner's Motion for a New Trial (D.I. 41); Motion for Judgment of Acquittal (D.I. 42); the State's Response thereto (D.I. 49; D.I. 50); and the record in this matter; it appears to the Court that:

(1)    Defendant Theodore S. Milner was arrested, charged with, and eventually indicted for with two counts of Possession of a Firearm by a Person Prohibited ("PFBPP").[1]

(2)    After a three-day jury trial, Mr. Milner was found guilty of one count

---

[1]    *See* Indictment, *State v. Theodore S. Milner*, ID No. 2010011141 (Del. Super. Ct. July 6, 2021) (D.I. 13).

of PFBPP and not guilty of the other.[2] Before the matter was submitted to the jury, Mr. Milner had moved unsuccessfully for judgment of acquittal. He argued then that the State failed to establish he "had knowledge of the firearms being in the vehicle."[3] Now before the Court is Mr. Milner's renewed request seeking to have the Court vacate the jury's verdict and enter judgments of acquittal on both of his charges.[4] If not, he urges that the Court should at least grant him a new trial.[5]

(3)    According to Mr. Milner, his motion for judgment of acquittal and motion for a new trial should be granted because there was insufficient evidence to find he had knowledge a firearm was in the glovebox of the SUV he was driving.[6] Exclusive to his motion for a new trial, Mr. Milner asserts the jury verdict was inconsistent and that inconsistency coupled with insufficient evidence requires a new trial.[7]

(4)    Mr. Milner has been consistent in challenging just one element essential to his conviction: knowledge.[8] Mr. Milner says, "even in the light most favorable to

---

[2]    Verdict Form, *State v. Theodore S. Milner*, ID No. 2010011141 (Del. Super. Ct. July 28, 2022) (D.I. 37).

[3]    July 27, 2022 Trial Tr. at 73 (D.I. 47).

[4]    Mot. for Judgment of Acquittal at 1, Aug. 2, 2022 (D.I. 42).

[5]    Mot. to New Trial at 1, Aug. 2, 2022 (D.I. 41).

[6]    *Id.* ¶ 10; Mot. for Judgment of Acquittal ¶ 8.

[7]    *See* Mot. for New Trial ¶ 9.

[8]    July 27, 2022 Trial Tr. at 73; Mot. for New Trial ¶ 10; Mot. for Judgment of Acquittal ¶ 8.

the State there is little to no evidence that was presented to establish that [he] knew or was aware of that fact that . . . firearms were in the locked glove box of the Nissan Armada he was driving . . . ."[9]

(5) The State, in response to both motions, argues "viewing the evidence and all reasonable inferences therefrom in [the] light most favorable to the State . . . there is clearly sufficient evidence to support that a reasonable jury could find the Defendant guilty beyond a reasonable doubt."[10] And in response to the motion for a new trial, the State argues Mr. Milner's significant other's testimony "that she kept one gun in the vehicle and one in her home" explains any potential inconsistency in the verdict.[11]

(6) The Court briefly recounts here just the most salient evidence presented. On October 23, 2020, Officer Roberto Ieradi pulled over Mr. Milner's vehicle because of a traffic violation.[12] During an initial search of that vehicle, Officer Ieradi found a handgun holster in the vehicle's unlocked center console.[13]

(7) During a subsequent search of the vehicle, police found a secured lockbox in the rear of the vehicle.[14] Officers had found the lockbox key on

---

[9] Mot. for Judgment of Acquittal ¶ 8.

[10] Response to Mot. for Judgment of Acquittal at 6, Oct. 14, 2022 (D.I. 49).

[11] Response to Mot. for New Trial at 7, Oct. 20, 2022 (D.I. 50).

[12] July 26, 2022 Trial Tr. at 22-25 (D.I. 46).

[13] *Id.* at 31-32.

[14] *Id.* at 39.

Mr. Milner.[15] That lockbox contained a loaded handgun magazine.[16] And that magazine fit one of the two firearms later discovered in the vehicle's glovebox—though not the specific model for which Mr. Milner was ultimately convicted.[17]

(8) Officers were able to open the SUV's locked glovebox using another key from Mr. Milner's key ring; that key ring also held the vehicle's ignition key.[18] And Mr. Milner specifically referred to the vehicle as "my truck."[19]

(9) In his truck's glovebox, the police found two firearms—a Smith & Wesson handgun and a SCCY handgun.[20] The SCCY was in a holster; the Smith & Wesson was not.[21] Mr. Milner told the police that neither of the guns were his but, instead, belonged to his significant other Amanda Grenardo.[22]

(10) Ms. Grenardo testified that she owned both firearms and "usually kept one in the house and one in the car . . . ,"[23] but that she had intended to go to the gun range a few days before Mr. Milner's arrest and had inadvertently left both firearms

---

[15] *Id.*

[16] *Id.* at 39-40.

[17] *Id.* at 40.

[18] July 27, 2022 Trial Tr. at 21, 36.

[19] *Id.*, State's Ex. 15.

[20] *Id.* at 21.

[21] *Id.*

[22] *Id.* at 27. According to Mr. Milner, Ms. Grenardo is the mother of most of his children and he often stays at her residence. *Id.*, State's Ex. 15.

[23] *Id.* at 85.

in the car.[24]

## MOTION FOR JUDGMENT OF ACQUITTAL

(11) "A convicted criminal defendant must clear a high bar to prevail on a motion for judgment of acquittal."[25] To do so, "[a] defendant may contest a verdict by arguing that the State failed to introduce sufficient evidence at trial to sustain a conviction."[26] "When evaluating the motion, the Court considers the evidence, 'together with all legitimate inferences therefrom . . . from the point of view most favorable to the State.'"[27] "The Court must be mindful that the jury, not the judge, is the factfinder, and . . . '[t]he jury's function is to decide whether the evidence presented at trial proves, beyond a reasonable doubt, that the defendant committed the charged crimes.'"[28] "[T]he relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[29] "For the purpose of reviewing a claim of insufficient evidence there is no distinction

---

[24]  *Id.* at 88-89.

[25]  *State v. Thomas*, 2019 WL 669934, at *3 (Del. Super. Ct. Feb. 8, 2019).

[26]  *Parsons v. State*, 2017 WL 5900954, at *2 (Del. Nov. 29, 2017) (citations omitted).

[27]  *State v. Clark*, 2018 WL 7197607, at *3 (Del. Super. Ct. Oct. 1, 2018) (quoting *State v. Biter*, 119 A.2d 894, 898 (Del. Super. Ct. 1955)).

[28]  *Clark*, 2018 WL 7197607, at *3 (second alteration in original) (quoting *Washington v. State*, 4 A.3d 375, 378 (Del. 2010)).

[29]  *Parsons*, 2017 WL 5900954, at *2 (emphasis and alteration in original) (quoting *Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990)).

between direct and circumstantial evidence."[30]

(12) To prove constructive possession of a firearm for a PFBPP charge, the State must establish that the defendant: "(1) knew the location of the gun," and "(2) had the ability to exercise dominion and control over the gun."[31]

(13) "Constructive possession may be proven with circumstantial evidence."[32]

(14) When viewing the totality of the evidence and the reasonable inferences drawn therefrom in the light most favorable to the State, a reasonable trier of fact could find Mr. Milner knew there was at least one firearm in his truck's glovebox. The jury was presented with evidence that: (a) Mr. Milner was the owner of the vehicle; (b) Mr. Milner was the only person in the vehicle when it was stopped; (c) he was within arm's reach distance of the firearm; and, (d) he possessed the key to the glovebox where the firearm was stored. The jury heard this evidence firsthand from the investigating officer and watched body-camera footage of the stop and ensuing interaction.

(15) The jury also heard Mr. Milner's words and saw his actions—both

---

[30] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994) (citing *Shipley v. State*, 570 A.2d 1159, 1170 (Del. 1990)).

[31] *State v. Clayton*, 988 A.2d 935, 936 (Del. 2010) (quoting *Lecates v. State*, 987 A.2d 413, 426 (Del. 2009)). Mr. Milner stipulated he was a person prohibited from possessing a firearm. D.I. 39.

[32] *Bessicks v. State*, 2017 WL 1383760, at *2 (Del. Apr. 13, 2017) (citing *Lecates*, 987 A.2d at 426).

when at the scene and when later interviewed. This latter evidence included statements that he was the owner of the truck and that he had showed Ms. Grenardo "how to break [the firearms found in the vehicle] down, showed her how to clean [those firearms], and showed her how to load the clips."[33]

(16) The jury derived these facts and circumstances from trial evidence, drew reasonable inferences therefrom, and found Mr. Milner guilty beyond a reasonable doubt of one of the two PFBPP charges.

(17) Recall that the only element for which Mr. Milner claims insufficiency is his knowing possession or control of a firearm. As the Court instructed this jury (as it does all criminal juries):

> It is, of course, difficult to know what is going on in another person's mind. Therefore, you are permitted to draw an inference, or in other words, to reach a conclusion about the Defendant's state of mind from the facts and circumstances surrounding the act that the defendant is alleged to have done.[34]

(18) Put simply, it is well understood that proof of a knowing state of mind is usually built from circumstantial evidence.[35]

---

[33] July 27, 2022 Trial Tr., State's Ex. 15.

[34] *Id.* at 179-80.

[35] *Deputy v. State*, 500 A.2d 581, 597 (Del. 1985) (noting "the problems involved in proving the existence of a person's state of mind necessitate some reliance on circumstantial evidence"); *see Smith v. State*, 913 A.2d 1197, 1254 (Del. 2006) ("It is not unusual in a criminal case to rely upon circumstantial evidence."); *Forrest v. State*, 721 A.2d 1271, 1279 (Del. 1999) (noting there is "no distinction between circumstantial and direct evidence when considering the quantum necessary to support a conviction" (citation omitted)).

(19) The jury, having heard and seen all the evidence offered by the State, reasonably concluded there was sufficient evidence to support Mr. Milner's PFBPP conviction, *i.e.*, he was indeed knowingly in possession or control of at least one of the two firearms when stopped by police.[36] The Court cannot quarrel with the rationality of the verdict.

## MOTION FOR A NEW TRIAL

(20) Under Superior Court Criminal Rule 33, upon a defendant's motion, the Court may "grant a new trial to that defendant if required in the interest of justice."[37] "A new trial is warranted 'only if the error complained of resulted in actual prejudice or so infringed upon defendant's fundamental right to a fair trial as to raise a presumption of prejudice.'"[38]

---

[36] The Court instructed the jury there were two alternative theories on which it could determine possession:

> A person who knowingly has direct control over a thing at a given time is regarded to be in actual possession of it. In other words, a person is generally regarded as being in actual possession of an item when it is under the person's dominion and control and to the person's knowledge, either is carried on his person or in his presence or custody, or, if not on his person or in his presence, the possession thereof is immediate, accessible, and exclusive to him. In addition to actual possession, possession includes location in or about the defendant's person, premises, belongings, vehicle, or otherwise within his reasonable control. In other words, a person who, although not in actual possession, has both the power and intention at a given time to exercise control over an item, either directly or through another person or persons, is then in constructive possession of it.

July 27, 2022 Trial Tr. at 175.

[37] Del. Super. Ct. Crim. R. 33.

[38] *State v. Ryle*, 2015 WL 5004903, at *1 (Del. Super. Ct. Aug. 14, 2015) (quoting *Hughes v. State*, 490 A.2d 1034, 1043 (Del. 1985)).

(21)   Mr. Milner asserts insufficiency of evidence and an inconsistent verdict warrant the grant of a new trial here.[39]  But as just explained, any rational factfinder could have found beyond a reasonable doubt that Mr. Milner knew there was at least one firearm in his truck's glovebox.  It might seem inconsistent that Mr. Milner was convicted for just one firearm when, in fact, there were two found when the glovebox was opened.  But that seeming inconsistency is easily understood considering Ms. Grenardo's testimony that she was the listed purchaser of the two firearms and routinely kept one in the glovebox and the other in her home.[40]  According to Ms. Grenardo, it was mere happenstance that both were there in the SUV at that given time.  So, the jury could have reasonably concluded that Mr. Milner knew there to be at least one firearm in the SUV's glovebox—as that was the norm—but not both.

(22)   Even assuming for a moment that such a result is inconsistent—which it isn't—the Delaware Supreme Court has instructed: "If the inconsistency can be

---

[39]   Mot. for New Trial ¶¶ 7-10.

[40]   July 27, 2022 Trial Tr. at 85.  The fact that Ms. Grenardo identified herself as the "purchaser" or "owner" of the firearms is of no moment here.  The State needed only prove that at time alleged Mr. Milner "did knowingly purchase, own, possess, *or* control a firearm." Indictment, at 1 (emphasis added). *See* Del. Super. Ct. Crim. R. 7(c)(1) (it may be alleged in a single count of an indictment that the accused committed the charged offense by one or more specified means); *see also* DEL. CODE ANN. tit. 11, § 1448 (2020) (providing that a person prohibited commits PFBPP when he "knowingly possesses, purchases, owns *or* controls" a firearm) (emphasis added).

explained in terms of jury lenity, the convictions may stand."[41]  And under that rule,[42] as long as the State presented sufficient evidence to "establish[] that a rational fact finder could have found the defendant guilty beyond a reasonable doubt," even with an inconsistent verdict, the conviction will stand.[43]  The State did.

(23)   Accordingly, the Court finds Mr. Milner has not demonstrated that it is the interest of justice for him to receive a new trial.

**IT IS HEREBY ORDERED**, that both Theodore Milner's Motion for Judgment of Acquittal and Motion for a New Trial are **DENIED**.  This matter will now be scheduled for sentencing on the single PFBPP count of which Mr. Milner was convicted.

Paul R. Wallace, Judge

Original to Prothonotary

cc:   Jeffrey M. Rigby, Deputy Attorney General
      Brian J. Chapman, Esquire
      Investigative Services Office

---

[41]   *Tilden v. State*, 513 A.2d 1302, 1306 (Del. 1986) (citing *United States v. Powell*, 469 U.S. 57 (1984) and *United States v. Uzzolino*, 651 F.2d 207 (3d Cir. 1981), *cert. denied*, 454 U.S. 865 (1981)).

[42]   "Under the rule of jury lenity, [a court] may uphold a conviction that is inconsistent with another jury verdict if there is legally sufficient evidence to justify the conviction." *King. v. State*, 2015 WL 5168249, at *2 (Del. Aug. 26, 2015) (citing *Tilden*, 513 A.2d at 1306-07).

[43]   *Tilden*, 513 A.2d at 1307 (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)).

-10-