IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAMON SANTIAGO, | § | No. 165, 2023 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2112000595 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: January 31, 2024
Decided: March 8, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, the Court reverses Ramon Santiago's conviction under Count I of the indictment and remands the case to the Superior Court to declare a mistrial on Count I. Our reasoning follows.

(1) After a four-day trial, a Superior Court jury found Ramon Santiago guilty of operation of a vehicle causing death (Count I). The jury could not reach a verdict on the predicate charge of careless or inattentive driving (Count II). Santiago moved for a mistrial on both Counts. He argued that the jury verdicts were inconsistent because a conviction under Count I required a conviction under Count

II. Invoking jury lenity, the Superior Court denied the motion.[1] On appeal, Santiago argues (and the State agrees) that the Superior Court had to declare a mistrial on Count I because the State did not prove a predicate offense under Count II necessary to convict under Count I. Santiago also argues (and the State agrees) that jury lenity does not apply. We agree and reverse.

(2)     On August 6, 2021, Santiago, while driving a SUV, collided with John Gilbert, who was riding his motorcycle.[2]  Gilbert was taken to Kent General Hospital, where he died from injuries sustained in the accident.

(3)     The State charged Santiago with violating 21 *Del. C.* § 4176A, operation of a vehicle causing death (Count I), and 21 *Del. C.* § 4176, careless or inattentive driving (Count II). The State sought to prove at trial that Santiago was inattentive when the accident causing death occurred. Section 4176A(a) states:

> A person is guilty of operation of a vehicle causing death when, in the course of driving or operating a motor vehicle or OHV in violation of any provision of this chapter other than § 4177 of this title, the person's driving or operation of the vehicle or OHV causes the death of another person.

And Section 4176(b), the inattentive driving statute, states:

> Whoever operates a vehicle and who fails to give full time and attention to the operation of the vehicle, or whoever fails to maintain a proper lookout while operating the vehicle, shall be guilty of inattentive driving.

---

[1] *State v. Santiago*, 2023 WL 2384948, at *1 (Del. Super. March 7, 2023) [hereinafter *Decision*].
[2] Opening Br. at 3.

2

(4)     The trial judge instructed the jury that "[i]n order to find the defendant guilty of [Section 4176A] . . . you must find that all of the following elements have been established beyond a reasonable doubt. (1) The defendant drove or operated a motor vehicle while in violation of 21 *Del. C.* § 4176, Inattentive Driving; and (2) The defendant's driving or operation of the vehicle caused the death of John R. Gilbert."[3]

(5)     On November 4, the jury sent a note to the court stating that they agreed on a guilty verdict for Count I, but were hung on Count II.[4]  Santiago immediately raised concerns with the court about the inconsistency of such a verdict.[5]  Later that day, the jury returned a guilty verdict on Count I but remained hung on Count II.[6]  Santiago moved to declare a mistrial on both Counts.[7]  He argued that the jury was required to find him guilty of inattentive driving (Count II) before it could convict him for operating a vehicle causing death (Count I).[8]  The State disagreed and requested a mistrial only for Count II.[9]  The court granted a mistrial for Count II and

---

[3] A219–20.
[4] A255.
[5] *Id.* ("My concern, Your Honor, is that Count 2 is part of an element in Count 1.  And if [the jury] can't decide on Inattentive Driving, that forms the basis of Count 1.  So I don't understand how they could come to a conclusion on 1, but not be able to come to a conclusion, one way or another, on 2.").
[6] A261.
[7] *Id.*
[8] *Id.*
[9] A263.

deferred sentencing until the resolution of post-trial motions on the inconsistent verdict issue.

(6) In opposing a mistrial on Count I, the State argued that lenity permits inconsistent jury verdicts in Delaware.[10] The State acknowledged that under another decision of this Court, *Priest v. State*, an inconsistent verdict is not permitted when the conviction is for a compound offense where the statute creating the compound offense limits the application of jury lenity.[11] Nonetheless, the State argued in the Superior Court that *Priest* was inapposite because Santiago was convicted of violating a different statute – Section 4176A – which does not contain language that "limits the application of normal principles of jury lenity."[12] The State offered no further analysis of the referenced statutes.

(7) On March 7, 2023, the Superior Court declined to set aside the Count I verdict and declare a mistrial.[13] The court accepted the State's argument and found

---

[10] A286 (citing *Tilden v. State*, 513 A.2d 1302, 1306 (Del. 1986); *US v. Powell* 469 U.S. 57 (1984)).
[11] A286–87 (citing *Priest v. State*, 879 A.2d 575 (Del. 2005)). In *Priest*, this Court vacated a conviction for being unlawfully inconsistent. The jury found the defendant guilty of Possession of a Firearm During the Commission of a Felony (PFDCF) but acquitted him of the underlying felony charge. *Priest*, 879 A.2d at 575. The PFDCF statute stated that "A person may be found guilty of violating this section notwithstanding that the felony for which the person is convicted and during which the person possessed the firearm is a lesser included felony of the one originally charged." *Id.* at 583 (quoting 11 *Del. C.* § 1447A(g)). We determined that the PFDCF counts "were expressly tied to the underlying felonies" and therefore a legal basis did not exist to support the verdict. *Id.* at 588. Therefore, the weapons convictions could not be sustained as a matter of law.
[12] A298 ("Santiago was convicted of violating 21 Del. C. § 4176A, not 11 Del. C. § 1447A as in *Priest*. Unlike the latter statute, § 4176A does not contain language which limits the application of normal principles of jury lenity.").
[13] *Decision* at *4.

that "the *Priest* exception applies only when there is specific statutory evidence, above and beyond the enumeration of a predicate offense, of legislative intent to abrogate the jury lenity doctrine."[14]  In other words, the statutory language must literally require a "conviction."[15]  The Superior Court held that Section 4176A's language – "in violation of any provision of this chapter" – does not literally require a conviction under Section 4176(b) to sustain a conviction under Section 4176A.[16] The court also held that sufficient evidence supported the Count I conviction.[17]

(8)  On appeal, Santiago argues that the Superior Court misread and misapplied our holding in *Priest*.  According to Santiago, the Count I conviction under Section 4176A was defective because Santiago was not found in "violation" of any predicate offense.  On appeal, the State now agrees that Section 4176A requires a guilty verdict under Section 4176(b) to support a conviction.

(9)  We agree with the State's concession.  In our recent decision in *Hernandez-Martinez v. State*, we reversed the Superior Court's denial of a defendant's request to withdraw his guilty plea.  We found that the plea was defective because the plea form charged a violation under Section 4176A(a) without

---

[14] *Id.* (emphasis in original).

[15] *Id.* (stating that there is "a critical distinction between criminal statutes in which a *conviction* of a predicate offense is an element of a crime and statutes in which *commission* of a predicate offense is sufficient" (emphasis in original)).

[16] *Id.* at *6.

[17] *Id.* at *7.

charging a required traffic offense under the same chapter.[18]  If a voluntary plea is defective because the plea form lists a would-be crime under Section 4176A without stating a separate charge to a separate offense under the same chapter, then it follows that a defendant cannot be found guilty for the lead offense when no conviction occurred under the predicate offense.[19]  Section 4176A is not a crime without a separate guilty verdict for a "violation of any provision of this chapter[.]"  Here, the State had to convict Santiago for inattentive driving to sustain a conviction under Count I.  It did not.

(10)  The General Assembly has structured the law such that a "violation" under Chapter 41 of Title 21 is an element of a crime under Section 4176A.  The jury instruction in this case reflected that requirement.  It is correct that this Court has employed jury lenity.  As we stated in *Priest*, however, "ultimately judicial deference to the factfinder, embodied in the doctrine of jury lenity, cannot supersede the judiciary's primary obligation to give effect to the General Assembly's formulation of the criminal law."[20]  Here, the General Assembly required a predicate conviction for inattentive driving before convicting for operating a vehicle causing

---

[18] *Hernandez-Martinez v. State*, 2023 WL 8254350, at 3 n.12 (Del. Nov. 29, 2023) (ORDER) ("In other words, to charge Martinez with a crime under § 4176A(a), the State had to recite that he was driving the car, caused another's death, and committed another traffic offense under Chapter 41 of Title 21 other than § 4177 (driving under the influence of alcohol or drugs).").

[19] "No conduct constitutes a criminal offense unless it is made a criminal offense by this Criminal Code or by another law."  11 *Del. C.* § 202.

[20] *Priest*, 879 A.2d at 590.

death.  The State agrees that the Superior Court should have declared a mistrial for Count I.

NOW, THEREFORE, IT IS ORDERED the judgment of the Superior Court is REVERSED, and the case is remanded for further proceedings consistent with this order.  Jurisdiction is not retained.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice